IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| DAVID LELAND LESAK, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:19-CV-036-A |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of | § | |
| Criminal Justice, | § | |
| Correctional Institutions | § | |
| Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, David Leland Lesak, a state prisoner confined in the Correctional institutions Division of the Texas Department of Criminal Justice at the time the petition was filed, against Lorie Davis, director of that division, respondent. Petitioner has since been released to a community re-entry center. After having considered the pleadings, state-court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

### I. BACKGROUND

On September 15, 2017, petitioner was indicted in Tarrant County, Texas, on one count of possession of marijuana of five pounds or less, but more than four ounces, in Case No. 1511959 and one count of possession of a controlled substance,

methamphetamine, of four grams or more, but less than 200 grams in Case No. 1511945D. (SHR01 4; SHR02 4.[1]) The cases arose as a result of the search of petitioner's vehicle and seizure of the contraband following a traffic stop on or about February 11, 2017. On March 12, 2018, pursuant to plea agreements, petitioner pleaded guilty to both offenses. (SHR01 15, 9-14; SHR02 6-12.) Petitioner waived his right to appeal but did file two state habeas-corpus applications challenging his convictions. (SHR01 9-14 & Action Taken; SHR02 6-12 & Action Taken). In this federal petition, petitioner challenges only his conviction in Case No. 1511945D for possession with the intent to deliver methamphetamine. (Pet. 2, doc. 1.)

## II.  ISSUES

Petitioner raises six grounds for habeas relief in which he claims that he received ineffective assistance of trial counsel (grounds one, two, three, four, and six) and that his plea was involuntary as a result of counsel's conduct (ground five). (Id. at 6-7b.)

## III.  RULE 5 STATEMENT

Respondent does not assert that the petition is successive, time barred, or barred by lack of exhaustion. (Resp't's Answer 4, doc. 12.)

---

[1] "SHR01" and "SHR02" refer to the state-court record of petitioner's state habeas proceedings in WR-89,117-01 and WR-89,117-02, respectively. The records were filed in paper form only.

## IV. STANDARD OF REVIEW

A § 2254 habeas petition is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. *Harrington v. Richter,* 562 U.S. 86, 100-01 (2011); 28 U.S.C. § 2254(d)(1)-(2). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Richter*, 562 U.S. at 102.

Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001). It is the petitioner's burden to rebut the presumption of correctness through clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

3

*Miller-El v. Cockrell,* 537 U.S. 322, 340 (2003); *Williams v. Taylor,* 529 U.S. 362, 399 (2000).

Furthermore, when the Texas Court of Criminal Appeals, the state's highest criminal court, denies relief without written order, typically it is an adjudication on the merits, which is likewise entitled to this presumption. *Richter,* 562 U.S. at 100; *Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court "should 'look through' the unexplained decision to the last related state-court decision providing" particular reasons, both legal and factual, "presume that the unexplained decision adopted the same reasoning," and give appropriate deference to that decision. *Wilson v. Sellers,* 138 S. Ct. 1188, 1191-92 (2018). If there is no related state-court decision providing the courts' reasoning, a federal court may imply fact findings consistent with the courts' disposition of the claims. *Valdez v. Cockrell,* 274 F.3d 914, 948 n.11 (5th Cir. 2001).

## VI. DISCUSSION

Under grounds one, two, three, four, and six, petitioner claims that he received ineffective assistance of trial counsel because counsel failed to—

(1) grasp the controlling search and seizure law;
(2) investigate the body camera video of Officer Stokes;
(3) "investigate Lowes letter dated 2/13/17";
(4) file a timely motion to suppress evidence from the

>                traffic stop; and
>     (5)    "investigate Stokes' affidavit."

(Pet. 6-7, 7b, doc. 1.) Under ground five, petitioner claims that his plea was involuntary because counsel lied and coerced him into pleading guilty as follows:

> Counsel repeatedly told [petitioner] [he] had no rights to be free from unreasonable search and seizure on the traffic stop on 2/11/17. Counsel told [petitioner] at least 8 times that counsel would investigate and file a motion to suppress the evidence, yet would not. Counsel told [petitioner] that preserving a pretrial motion for appeal in a plea bargain was not possible. Counsel told [petitioner] Stokes could stop [petitioner] for an offense Stokes knew [petitioner] had not committed. [Petitioner] lost all hope.

(Id. at 7a.)

In the context of a guilty plea, to establish ineffective assistance of counsel, a petitioner must show (1) that counsel's performance was deficient and (2) there exists a reasonable probability that, but for counsel alleged errors, he would not have pleaded guilty and would have insisted on going to trial. *United States v. Smith,* 844 F.2d 203, 209 (5th Cir. 1988) (quoting *Hill v. Lockhart,* 474 U.S. 52, 59 (1985)). However, by entering a knowing, intelligent and voluntary guilty plea, a defendant waives all nonjurisdictional defects in the proceedings preceding the plea, including all claims of ineffective assistance of counsel, that do not attack the voluntary character of the plea. *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir. 1983); *Bradbury v. Wainwright,* 658 F.2d 1083, 1087 (5th Cir. 1981). A

5

guilty plea is knowing, intelligent, and voluntary if done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *Brady v. United States,* 397 U.S. 742, 748 (1970). The official state-court records "are entitled to a presumption of regularity and are accorded great evidentiary weight" on federal habeas review. *Hobbs v. Blackburn,* 752 F.2d 1079, 1081-82 (5th Cir. 1985) (citations omitted). Likewise, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). When reviewing a record, a court must give a signed, unambiguous plea agreement great evidentiary weight. *United States v. Abreo,* 30 F.3d 29, 32 (5th Cir. 1994). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz,* 733 F.2d 371, 373-74 (5th Cir. 1979). If a challenged guilty plea is knowing, intelligent, and voluntary, it will be upheld on federal habeas review. *James v. Cain,* 56 F.3d 662, 666 (5th Cir. 1995). Because petitioner's guilty plea may have waived one or more of his claims, it is necessary to address the knowing, intelligent, and voluntary nature of his plea first.

Petitioner asserts that grounds one and five are relevant to the issue, which were both couched in the context of ineffective-assistance-of-counsel claims in the state habeas proceeding. He

also asserts that he "is not arguing the knowing of the plea only the voluntariness of the plea." (SHR02 34; Pet'r's Reply 4, doc. 17.) The state habeas judge, who also presided at the plea proceeding, referred the application to a magistrate judge for factual findings and conclusions of law. (SHR 19-36, 102.) In that proceeding, petitioner's trial counsel, David Wacker, an experienced defense attorney, filed an affidavit responding to petitioner's allegations that counsel lied and coerced him into pleading guilty as follows (any grammatical, punctuation, and/or spelling errors are in the original):

> The major complaint raised by [petitioner] stems from the decision of [petitioner] not to hear a Motion to Suppress, which he characterizes as a failure of counsel to file the Motion to Suppress.
>
> It was my opinion that the Motion to Suppress the stop and the evidence would have been unsuccessful. This is still true, having now reviewed all the videos in this case.
>
> . . .
>
> The issues regarding the Motion to Suppress are summed up . . . in the suppression motion I filed on [petitioner]'s behalf, which he chose not to have heard. I did not threaten or coerce him in anyway in this plea. I have never remotely done that with him or anyone. I explained [to] him that he was facing 25 years with the enhancements. I told him if he went to trial that due do [sic] the age and nature of the previous convictions, I did not think he would receive time on the upper end of the range, but that 30 or so was possible, given the minimum was 25 years. The State offered 10 years earlier in the case which I discussed with them several times. But due to the two enhancements and the unusually large amount of drugs, they would not reduce the offer. They informed us that if they had to hear a Motion to Suppress, then all plea

7

>offers would be off. I persisted and after another conference with them, they offered seven years if he did it that day. [Petitioner] chose to do that.

(SHR02 59-60.)

Petitioner filed an unsworn affidavit responding to counsel's affidavit and amended his state application in various respects, to which counsel filed a second affidavit. (Id. at 67-70, 77-79, 81-92.)

Based on counsel's affidavits, which were found to be credible, and the state-court records, the magistrate judge found that counsel prepared and filed a motion to suppress; that counsel discussed the contents of the motion with petitioner and petitioner was satisfied with the motion; that counsel did not tell petitioner that he would receive 30 years if he did not plead guilty; that, if convicted, petitioner faced a much longer sentence than the plea offer he accepted from the State; and that counsel did not coerce petitioner into accepting a guilty plea. (Id. at 96-97.) The state habeas judge adopted those findings and, in turn, the Texas Court of Criminal Appeals denied habeas relief without written order on the trial court's findings.

From the findings, and petitioner's admission that he entered his plea knowingly and intelligently, the court can infer that the state courts' concluded that petitioner's guilty plea was not rendered unknowing, unintelligent, or involuntary on this basis. Petitioner presents no evidence, much less clear and

8

convincing evidence, to rebut the state courts' express and implied findings. Thus, applying the appropriate deference to the findings, including the state courts' credibility determinations, petitioner fails to demonstrate that the state courts' determination was unreasonable in light of the record before the state courts.

In addition to counsel's affidavits, the documentary record supports a presumption of regularity of the state-court records and the state courts' implied finding that petitioner's guilty plea was knowingly, intelligently, and voluntarily made. *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000); *Armstead v. Scott,* 37 F.3d 202, 210 (5th Cir. 1994). A review of the record demonstrates that petitioner's guilty plea complied with minimum constitutional requirements: it showed that the plea was entered by petitioner knowingly and intelligently "with sufficient awareness of the relevant circumstances and likely consequences," to which he admits, and it reflects "an affirmative showing" that the plea was voluntary. (SHR02 9.) *Brady,* 397 U.S. at 748; *Boykin v. Alabama,* 395 U.S. 238, 242 (1970). Petitioner's conclusory claims, after the fact, are insufficient to rebut the presumption that counsel provided effective assistance and the presumption of regularity of the state-court records. *See Webster v. Estelle,* 505 F.2d 926, 929-30 (5th Cir. 1974) (holding state court records "are entitled to a presumption of regularity"); *Babb v. Johnson,*

9

61 F. Supp. 2d 604, 607 (S.D. Tex. 1999) (same).

Given that petitioner's guilty plea was knowing, intelligent, and voluntary, his remaining claims under grounds one, two, three, four, and five, involving alleged acts or omissions of counsel preceding the plea, are waived.

For the reasons discussed herein,

The court ORDERS that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied and that a certificate of appealability be, and is hereby denied.

SIGNED May __28__, 2020.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

10